Neama Rahmani (State Bar No. 223819)
  *nr@westcoasttriallawyers.com*
Ronald L. Zambrano (State Bar No. 255613)
  *ron@westcoasttriallawyers.com*
Melineh Kasbarian (State Bar No. 329033)
  *melineh@westcoasttriallawyers.com*
WEST COAST EMPLOYMENT LAWYERS, APLC
350 South Grand Avenue, Suite 3325
Los Angeles, California 90071
Telephone: (213) 927-3700
Facsimile: (213) 927-3701
  *efilings@westcoasttriallawyers.com*

Attorneys for Plaintiffs,
MADISON RAMOS, and Other
Aggrieved Employees and On Behalf of
the General Public
as Private Attorneys General

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MADISON RAMOS, On Behalf of Herself and All Others Similarly Situated and On Behalf of the General Public as Private Attorneys General; <br><br> Plaintiffs; <br><br> v. <br><br> FUN FACTORY, INC., a Hawaii business organization; and DOES 1 through 10, <br><br> Defendants. | Case No.: 2:20-cv-04967 SVW (JPRx) <br><br> *ASSIGNED FOR ALL PURPOSES TO THE HONORABLE STEPHEN V. WILSON* <br><br> **NOTICE OF SETTLEMENT AND STIPULATION TO DISMISS THE PLAINTIFF'S THIRD CAUSE OF ACTION UNDER CALIFORNIA LABOR CODE § 2698 ET SEQ. ("PAGA") WITHOUT PREJUDICE** <br><br> Complaint Filed: April 28, 2020 <br><br> Trial Date: November 3, 2020 |

IT IS HEREBY STIPULATED, by and between the parties hereto, through their respective counsel of record, that:

1. On April 28, 2020, Plaintiff Madison Ramos ("Plaintiff") filed a Complaint for Damages against Defendant Fun Factory, Inc. ("Defendant") in the Los Angeles County Superior Court, alleging claims for: (1) Violation of Labor Code §§ 226.7 and 512 (meal periods and rest breaks); (2) Violation of Labor Code §§ 226 and 226.3 (non-compliant wage statements); (3) Violation of Labor Code §§ 2698 et seq. ("PAGA"); (4) Hostile Work Environment and Sexual Harassment; (5) Failure to Prevent and Remedy Sexual Harassment and Hostile Work Environment; and (6) Violations of Business & Professions Code §§ 17200 (meal periods and rest breaks; wage statements; untimely final wages etc.). Plaintiff does not assert any class claims and there are no other parties in this action.

2. On June 4, 2020, Defendant removed this case to the United States District Court for the Central District of California under diversity jurisdiction. The matter is pending with a November 3, 2020 trial date.

3. The Parties have exchanged initial disclosures and other relevant information as part of settlement discussions. None of the non-party, allegedly aggrieved employees were contacted about or notified of Plaintiff's representative PAGA claim. As a result of the settlement discussions, the Parties agreed to settle all of Plaintiff's claims and disputes, including those predicated on her sexual harassment allegations and her allegations that Defendant committed Labor Code violations against her, in order to resolve all claims and litigation between the Parties' related to Plaintiff's employment with Defendant. The Parties are not settling any claim the State of California may have for civil penalties related to Plaintiff's allegations.

4. Defendant operates a small chain of family arcades and due to the State of California's closure orders beginning in March all hourly employees in California were severed in late March 2020. Defendant does not have the financial resources to

continue to litigate this case.

5. The Parties will execute a confidential settlement of Plaintiff's individual claims (excluding the dismissal of the representative PAGA claim) to finally resolve any and all claims, controversies, and disputes between Defendant and Plaintiff.

6. The settlement does not provide for a release of any claims the State of California may have for civil penalties, no settlement funds are designated as civil penalties, and no settlement funds are provided as consideration for dismissal of Plaintiff's status as an alleged proxy, agent, or representative of the State of California  Accordingly, no right or interest of the State of California or any non-party, allegedly aggrieved employee will be affected or prejudiced by the dismissal without prejudice of Plaintiff's PAGA claim.  The parties shall respectively bear their own attorney fees and costs.

**SO STIPULATED.**

Dated:  October 8, 2020      WEST COAST EMPLOYMENT LAWYERS, APLC


By: _____
Ronald L. Zambrano, Esq.
Attorneys for Plaintiffs
MADISON RAMOS,

Dated:  October 8, 2020

By: _____
Kimberly M. Jansen, Esq.
Attorneys for Defendant
FUN FACTORY, INC.

STIPULATION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION WITHOUT PREJUDICE

3

# DECLARATION OF RONALD L. ZAMBRANO

1.  I, Ronald Zambrano, am an attorney in good standing with the State of California and the United States District Court, Central District of California. I am the Lead Litigation Attorney at West Coast Employment Lawyers, APLC, attorneys of record for Plaintiff in the matter known as *Ramos v. Fun Factory, Inc.,* Case No. 2:20-cv-04967 SVW (JPRx).

2.  The Parties have exchanged initial disclosures and other relevant information as part of settlement discussions. None of the non-party, allegedly aggrieved employees were contacted about or notified of Plaintiff's representative PAGA claim. As a result of the settlement discussions, the Parties agreed to settle all of Plaintiff's claims and disputes, including those predicated on her sexual harassment allegations and her allegations that Defendant committed Labor Code violations against her, in order to resolve all claims and litigation between the Parties' related to Plaintiff's employment with Defendant. The Parties are not settling any claim the State of California may have for civil penalties related to Plaintiff's allegations.

3.  The Parties will execute a confidential settlement of Plaintiff's individual claims (excluding the dismissal of the representative PAGA claim) to finally resolve any and all claims, controversies, and disputes between Defendant and Plaintiff.

4.  The settlement does not provide for a release of any claims the State of California may have for civil penalties, no settlement funds are designated as civil penalties, and no settlement funds are provided as consideration for dismissal of Plaintiff's status as an alleged proxy, agent, or representative of

the State of California  Accordingly, no right or interest of the State of California or any non-party, allegedly aggrieved employee will be affected or prejudiced by the dismissal without prejudice of Plaintiff's PAGA claim.  The parties shall respectively bear their own attorney fees and costs.

5. I declarant under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

_____
Ronald L. Zambrano